CHAS. A. RAGLAND, *alias* FISHER, *Plaintiff in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

1. On certiorari the court issuing the writ considers only the face of the record of the inferior court. Matters *in pais* are not within the purview of the writ.

2. A petition for a writ of certiorari to review the proceedings and judgment of a court should make it appear that an illegal proceeding appears by the face of the record complained of.

3. Where a petition for a writ of certiorari shows that the petitioner pleaded guilty to an information charging a crime of which the court had jurisdiction and that the sentence imposed is authorized by law, the writ of certiorari is properly denied, where no illegality is shown to appear upon the face of the record of the inferior court.

4. Where a court upon a plea of guilty enters a judgment that the defendant "be confined in the county jail at hard labor for one year," and "that on payment of $250.00 and costs, sentence stands suspended as long as defendant keeps from dealing in intoxicating liquors or from doing business where such liquors are sold," and the judgment and sentence as to imprisonment is valid, and the entry as to the suspension of the sentence is void, the valid sentence of imprisonment is not thereby invalidated.

5. A writ of certiorari requires the production of a copy of the record of the inferior court, not the person of a defendant convicted in the inferior court. It is not the province of a writ of certiorari to act directly upon a commitment and to discharge a prisoner, but to act upon the record proceedings and judgment of the court alleged to be illegal and void.

6. If a person upon whom a lawful sentence of imprisonment has been imposed can be heard to state that he had an agreement with the prosecuting officer as to the character of the sentence to be imposed by the court upon a plea of guilty, and that he believed the judgment and sentence had been satisfied by the payment of a fine, he cannot do so on certiorari, since if such matters can be considered at all they are not of record to be reached by certiorari.

7. Where a judgment imposes a sentence of imprisonment and contains a void provision that upon the payment of a fine and the performance of certain conditions the sentence stands suspended, the payment of the fine and the observance of the conditions do not relieve the defendant from the imprisonment lawfully imposed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*J. W. Brady,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—This writ of error was taken to an order of the circuit court denying a writ of certiorari.

The plaintiff in error, Chas. A. Ragland, alias Fisher, presented to the judge of the circuit court a petition for a writ of certiorari to review a judgment of the county court of Polk county. In substance the petition alleges that in the county court on April 17, 1906, the petitioner pleaded guilty to an information charging him with the offense of selling intoxicating liquors in violation of law; that in entering the plea of guilty the petitioner was "actuated thereto by the fact that he was advised that he was technically guilty of said offense;" that the entry of the plea of guilty was upon a special agreement then and there made between petitioner and the county prosecuting attorney of said court, wherein it was previously agreed and distinctly understood that on the entry of said plea of guilty by petitioner, the court should and would impose a sentence upon petitioner of $250 fine and

costs of said suit; that upon this understanding and agree-
ment on the part of petitioner and upon this alone pe-
titioner so entered his plea of guilty to said charge; that
said $250.00 and costs were paid by petitioner; that in-
stead of the sentence being entered, as aforesaid, for
said fine and costs, the court without petitioner's knowl-
edge and consent entered the following judgment:
"April 17, defendant plead guilty; whereupon it is or-
dered and adjudged that he be confined in the county
jail at hard labor for one year.    It is further ordered
that on payment of $250.00 and costs, sentence stands
suspended as long as defendant keeps from dealing in
intoxicating liquors or from doing business where such
liquors are sold;" "that petitioner did not know till long
after the adjournment of said court at which said judg-
ment was rendered that such a sentence had been ren-
dered against him;" that petitioner "was not represented
by an attorney in the court, was not formally arraigned
on said charge, and that he looked up the state's attorney
to enter said plea of guilty in vacation;" that notwith-
standing the facts above stated petitioner "has neverthe-
less been arrested at this late date, to-wit: the 8th day
of February, 1908, by the sheriff of said Polk county,
in pursuance of said sentence, and is in danger of being
carried to the convict camp of said county to serve out
the term of twelve months' imprisonment at hard labor
mentioned in the first part of said sentence;" that the
whole of said sentence was and is illegal; that "petitioner
would not have so entered his plea of guilty had he not
been fully assured, and firmly believed that the payment
of the sum of $250.00 and the costs of the case as speci-
fied in said sentence would be a full satisfaction of said
judgment and said sentence;" "that believing as he did,
that the payment of said fine and costs of the case en-
tirely settled and satisfied the judgment of the court
the petitioner did not file in said court a motion for a

new trial, or a motion in arrest of judgment, or a motion for leave to withdraw his said plea of guilty; that by virtue of the adjournment of the court and the lapse of time, none of these things can now be done, so that petitioner cannot now bring this matter before this court by writ of error or appeal."

The prayer is for a writ of certiorari requiring the county court to send to the circuit court the entire record for review, and that the court "shall quash the judgment and sentence in said cause so rendered by said court, and that your petitioner be permitted to withdraw his said plea of guilty, and be given his day in court, and a full, fair and impartial trial in said cause."

The circuit court denied the petition and this order is assigned as error.

Certiorari is a common law writ, which issues, in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has acted without jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Seaboard Air Line Ry. Co. v. Ray, 52 Fla. 634, 42 South. Rep. 714. The discretion of the court in issuing or denying the writ is governed by established principles and rules of law, and is subject to review by writ of error.

On certiorari the court issuing the writ considers only the face of the record of the inferior court. Matters *in pais* are not included within the purview of the writ. 4 Ency. Pl. & Pr. 12; Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290.

If the writ is issued and it be ascertained from the face of the record sent up that the action complained

of . is not within the jurisdiction of the court, or that the court did not proceed according to the essential requirements of the law, the proceedings of the. inferior court may be quashed or other appropriate order may be made.

The application for certiorari to review the proceedings and judgment of a court should make it appear that an illegal proceeding appears by the face of the record complained of.

The only portion of the record of the county court set out in the petition is the judgment and sentence complained of. It is prayed that the writ do issue to bring to the circuit court the entire record of the county court in the prosecution against the petitioner, including the information, plea of guilty, judgment and sentence of the court and the writ upon which petitioner is being held. The information, plea of guilty and judgment and sentence of the court are parts of the record proper of the proceedings in the trial court, and when properly certified may be considered on a writ of certiorari issued for that purpose.

The writ of certiorari requires the production of a copy of the record of the court, not the person of a defendant. The process under which a convicted defendant is held is not a part of the record of the conviction; and in determining the validity of the proceedings and judgment it is not necessary to consider the commitment under which the defendant is held. If the judgment is void, it may be quashed on certiorari, and the process issued on the judgment would be void. It is not the province of the writ of certiorari to act directly upon a commitment and to discharge a prisoner, but to act upon the record proceeding and judgment and sentence of the court alleged to be illegal and void.

If the petition fails to show at least *prima facie* that the inferior court acted without jurisdiction or pro-

11

ceeded in violation of the law in some essential particular, so that the petitioner has been deprived of some right by illegal action of the court as distinguished from mere erroneous or irregular action, the writ was properly denied.

The petitioner alleges that he pleaded guilty to the information. This acknowledged the jurisdiction of the court over his person. The crime charged was within the jurisdiction of the court to try. The judgment and sentence upon the plea of guilty that the defendant be imprisoned in the county jail at hard labor for one year was authorized by law.

While the attempt of the court to suspend the execution of the sentence imposed upon the payment of a fine and the performance of other conditions, is a nullity, it did not affect the judgment legally entered imposing a sentence of imprisonment.

It is alleged that the petitioner was not represented by counsel was not formally arraigned, did not know what sentence was entered against him, relied on the agreement with the prosecuting officer in entering the plea of guilty, and believed the payment of the fine and costs satisfied the judgment and sentence, and for these reasons did not ask for a new trial or an arrest of judgment or to be allowed to withdraw his plea of guilty, and did not take appellate proceedings to have the judgment reviewed. Even if these matters would be of any material consequence in this proceeding they are not evidenced by the record of the trial court, and of course cannot be considered on certiorari, which reaches only matters appearing by the record.

In this case the court did not enter the plea of guilty and suspend or postpone the imposition of the judgment or sentence. The court entered judgment imposing a sentence of imprisonment, and then attempted to suspend

the execution of the judgment and sentence as imposed and entered.

While it is in the power of the court to suspend or postpone the imposition of a judgment or sentence, it ·is not within the power of the court to impose the sentence and enter the same of record as a judgment of the court, and then to suspend or postpone or dispense with the execution of the sentence as imposed and entered of record.

The imposition of the sentence is for the court. The execution of the sentence as imposed is delegated by law to other officials. The court has no pardoning power.

If the petitioner can be heard to state that he had an agreement with the prosecuting officer as to the character of the sentence to be imposed by the court upon a plea of guilty, and that he believed the judgment and sentence had been satisfied, he cannot do so on application for certiorari, since if such matters can be considered at all they are not of record to be reached by certiorari. There is no limitation as to time upon the right of a convicted defendant to take writ of error to a judgment of conviction with bill of exceptions duly taken for the purpose of correcting errors or illegalities in the trial. Certiorari extends only to illegal proceedings that appear of record.

The payment of the fine is no relief of the petitioner. The entry by the court as to it is a nullity and the judgment legally entered stands till satisfied. Tanner v. Wiggins, 54 Fla. 203, 45 South. Rep.459; State v. Horne, 52 Fla. 125, 42 South. Rep. 388.

The order denying a certiorari is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.