E. E. TART, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

E. E. TART, *Petitioner*, v. HONORABLE C. MORENO JONES, Judge of the Court of Record of Escambia County, et al., *Respondents*.

En Banc.

Opinion filed June 26, 1928.

*Price, Price, Neely & Kehoe,* for Plaintiff in Error and Petitioner;

*Fred H. Davis,* Attorney General, and *Roy Compbell,* Assistant, for the State.

STRUM, J.—An information filed in the Court of Record of Escambia County on September 12, 1927, charged in the first count that Viola Edwards and E. E. Tart, both as principals, committed the offense of manslaughter by performing an abortion upon a woman therein named, thereby producing the death of the latter. In the second count Viola Edwards is charged with the same offense as principal, and Tart is charged as accessory. The information is apparently based upon Sec. 5042, Rev. Gen. Stats. 1920.

The defendants were tried upon said information and found not guilty on September 23, 1927.

Thereafter another information was filed, charging the said Viola Edwards and E. E. Tart with manslaughter, both being charged as principals in the first count; Viola Edwards being charged as principal and E. E. Tart as accessory in the second count, and both being charged as accessories in the third count, the principal in the third count being charged to be a person unknown. The second information also charges the offense to have been committed by performing an abortion upon a woman of the same name

as in the first information, and who was alleged to have been pregnant with a quick child, thereby producing the death of the child.

To the second information E. E. Tart interposed pleas of *autrefois acquit,* based upon his trial and acquittal under the first information, in which pleas it is alleged in substance that the two informations charge the same offense, the only difference being that the first information charges that the abortion produced the death of the mother, while the second charges that it produced the death of the unborn child.

Upon motion of the State the pleas of *autrefois acquit* were stricken.

A writ of error to the order striking said pleas was sued out by Tart. In his brief, however, it is conceded that the order striking the pleas is not a final judgment to which a writ of error will lie, and the writ of error is therefore abandoned.

Upon abandoning his writ of error, Tart filed a petition in this court to obtain a review by writ of certiorari of the order striking the pleas.

Certiorari can not be employed as a substitute for a writ of error. In order to justify the issuance of a writ of certiorari, it must ordinarily appear from the face of the record of an inferior court or tribunal that in rendering its final judgment it has acted in usurpation of a jurisdiction it did not possess, or that there has been a palpable abuse of power resulting in a miscarriage of justice, or that the court or tribunal has not proceeded according to the essential requirements of law, as distinguished from the commission of a mere error of judgment; and in addition it must appear that there is no plain, speedy and adequate remedy by appeal or writ of error to correct such action. Benton v. State, 74 Fla. 30, 76 So. R. 341; Haile v.

Gardner, 82 Fla. 355, 91 So. R. 376. See also Hunt v. Jacksonville, 34 Fla. 504, 16 So. R. 398; Basnett v. Jacksonville, 18 Fla. 523; Edgerton v. Green Cove Springs, 18 Fla. 528; American Ry Express Co. v. Weatherford, 84 Fla. 264, 93 So. R. 740; 11 C. J. 113.

Mere error in the determination of non-fundamental procedural or other questions properly submitted to and regularly determined by a trial court, will not ordinarily justify the exercise of the supervisory jurisdiction of this court by certiorari, when such errors result only in an erroneous as distinguished from a void or illegal judgment, and no palpable abuse of authority, usurpation of jurisdiction, or manifest miscarriage of justice appears. Errors of that nature can ordinarily be reviewed only upon writ of error to the final judgment in the exercise of the purely appellate jurisdiction of this court. Haile v. Gardner, 82 Fla. 355, 91 So. R. 376; Peaden v. State, 105 So. R. 142; Ragland v. State, 55 Fla. 157, 46 So. R. 724; 17 C. J. 16.

Nor will certiorari ordinarily lie to review a judgment which is not final in its nature. Kroier v. Kroier, decided May 5, 1928. The fact that a writ of error will not lie directly to an interlocutory order is not alone a sufficient justification for issuing the writ, especially when the party aggrieved has an adequate and speedy remedy to review such order upon writ of error to the final judgment in the case. State v. King County Superior Court, 106 Pac. R. 150, 28 L. R. A. (N. S.) 516, 11 C. J. 116. Nor can certiorari be used to secure judicial opinion in advance, or to affect adjudications in cases pending in subordinate tribunals. Newark v. Fordyce, 97 Atl. R. 67. Although the trial judge in a criminal case may err in his rulings upon the pleadings, or in other rulings during the trial, and thus prejudice the defendant, an orderly, adequate and speedy method is provided to correct any such errors by writ of

error. The cause can not be split up into parts and presented piecemeal to an appellate court to review mere error in the due and regular exercise of a jurisdiction with which the inferor tribunal is invested.

If the trial court is in error in the ruling in question, a point we do not now decide, it would be no more than a mere error of judgment upon an interlocutory matter not of a fundamental nature. To correct such an error, if it be error, petitioner's remedy by writ of error, which lies directly from this court to the final judgment when rendered in this case, is both speedy and adequate, though perhaps not as convenient to petitioner as would be a determination of the matter, upon certiorari, before a trial on the second information. Convenience alone, however, does not justify the exercise of the supervisory jurisdiction of this court by certiorari.

There must be a final judgment and sentence to support a writ of error in a criminal case. Chesser v. State, 112 So. R. 87. The writ of error herein must therefore be dismissed.

As the petition, for the reasons already stated does not make out a proper case for the issuance of writ of certiorari, the petition must be denied.

Writ of error dismissed.

Petition for writ of certiorari.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.