STATE OF FLORIDA, ex rel. CHESLEY A. SKIPPER, FAIRFAX T. HASKINS AND WALTER I. MOYER, *Plaintiffs*, v. HONORABLE JOHN U. BIRD, as Judge under Executive order of Circuit Court of Nineteenth Judicial Circuit, State of Florida, in and for Highlands County, *Defendant*.

Division A.

Opinion filed March 26, 1930.

674

*W. D. Bell, Treadwell & Treadwell* and *Guy A. Andrews,* for Plaintiffs;

*L. Grady Burton,* for Defendant.

ELLIS, J.—Honorable W. J. Barker is Judge of the Nineteenth Judicial Circuit of Florida in which the County

of Highlands is located. The Spring Term of the Circuit Court in that County begins on the first Tuesday in April and the Fall Term begins on the first Tuesday in November.

Judges of the Circuit Court are authorized by the statute to order and hold "extra and special terms" of the court "whenever in their judgment the public welfare and the cause of justice require the same; and the order for such special terms may be made either term time or vacation." Sec. 4837 Comp. Gen. Laws.

The Governor is empowered by the statute and the Constitution to appoint and assign at such time or times as he may direct any other of the Judges of the Circuit Court to hold regular or special terms of the court in a Circuit in which the Judge of the Circuit is absent from the Circuit or is disqualified in any cause pending in said court or for any reason cannot properly hear, try and determine the same. Sec. 4838 Comp. Gen. Laws; Ex parte Daly, 66 Fla. 345, 63 So. R. 834.

The Judge who by executive order is assigned to hold one or more terms or parts of terms in a circuit where he does not reside has for the particular case or cases or class of cases, or during the term or part of term named or specified in the assignment, complete jurisdiction when in the County to which he is assigned as if he were a resident Circuit Judge. Such jurisdiction is additional to and concurrent with and not exclusive of the resident Circuit Judge's continued jurisdiction over the Circuit wherein he resides and such jurisdiction continues when necessary for the complete disposition of the cases by motion in due course after verdict or in settling a bill of exceptions presented in due course.

When a circuit judge is assigned to another circuit none of the judges in such circuit are deprived of or

676

affected in this jurisdiction other than to the extent essential so as not to conflict with the authority of the temporary assigned circuit judge as to the particular case or cases or class of cases or in presiding at the particular term or part of term named in the assignment. Secs. 4841-4842 Comp. Gen. Laws.

The resident circuit judge may continue to exercise jurisdiction by holding court or otherwise, if he does not conflict with authority of the judge temporarily assigned under Executive order. Seaboard Realty Co. v. Seaboard All-Florida Ry., 91 Fla. 670, 108 So. R. 675.

The Constitution provides that one judge shall be assigned to each circuit and shall reside in the circuit of which he is judge, that he shall hold at least two terms of his court in each county within his circuit every year and may hold special terms. The Governor is empowered to order a temporary exchange of circuits by the respective judges or order any judge to hold one or more terms or part or parts of any term in any other circuit than that to which he is assigned. Sec. 8, Art. V, Const.

By amendment adopted in 1922 the Legislature was empowered to provide for the appointment of one or more additional circuit judges for any circuit when in the legislative judgment business requires it. Sec. 43, Art. V, Const.

The authority which a judge of one circuit has for holding a term of a court in another circuit, whether a general or special term, is the order of Governor who is not required to specify in such order the reasons which move him to make it further than to state that it has been officially made known to him that the necessity exists, nor is he required to specify the cases to be tried. Ex parte Daly, *supra;* Seaboard Realty Co. v. Seaboard All-Florida Ry., *supra.*

As the authority of a judge of one circuit to hold a term of court, whether general or special in another circuit, is found in the terms of the executive order we are of the opinion that where the order merely requires a judge of one circuit to proceed to a certain city or town in another circuit and there conduct the trial of certain causes and such other cause as may properly come before him, and in general terms recites the powers which are conferred by the Constitution and statute upon such specially assigned judge, it does not empower such specially assigned judge to "order and hold" an extra or special term.

If the Governor desires such specially assigned judge to "order and hold" an extra or special term of the court in any county the order should specially so direct. Primarily the discretion in the matter of holding special terms of the court is vested in the resident judge under the terms of the Constitution. Sec. 8, Art. V, Const.

The power to call or hold a special term by a judge of another circuit assigned to a circuit other than his own is not expressly given by the Constitution, which seems to authorize the Governor to order a judge to hold "one or more terms or part or parts of any term" in another circuit. The language is comprehensive enough to include special terms which may have been called by the resident judge, but it is doubtful if it includes the power to "order and hold" a special or extra term in view of the fact that the discretion in the matter is primarily vested in the resident judge under the Constitution.

In this view of the case, I think the writ should be granted.

TERRELL, C. J. AND BROWN, J., concur;

STRUM AND BUFORD, J. J., concur in the opinion and judgment.

WHITFIELD, J., dissents.