FRED W. VANDERPOOL, *Petitioner,* v. J. PERCY SPRUELL, *Respondent.*
139 So. 892.
Division B.
Opinion filed February 24, 1932.
Petition for rehearing denied March 28, 1932.

*W. H. Burwell* and *J. A. Dewberry,* of Miami, for Petitioner;

*Herbert U. Feibelman,* of Miami, for Respondent.

DAVIS, J.—In this case a writ of certiorari was granted to the Circuit Court of Dade County on a petition representing that said Circuit Court did not proceed in accordance with the essential requirements of law and exceeded, and acted without, jurisdiction in affirming a judgment rendered by the Civil Court of Record of Dade County in an action wherein J. Percy Spruell had recovered a judgment against the petitioner, Fred W. Vanderpool.

The Eleventh Judicial Circuit of the State of Florida is composed of Dade County. For that Circuit four Circuit Judges have been duly appointed and qualified as such. On the 25th day of September, A. D. 1929, while the regular Spring Term of the Dade County Circuit Court was in session, Honorable Doyle E. Carlton, Governor of the State of Florida, assigned and appointed the Honorable Hal W. Adams, Judge of the Third Judicial Circuit, to proceed to Miami and then and there during the term of said Court assist the Circuit Judges of the Eleventh Judicial Circuit at the term of said Court then in session. Judge Adams proceeded to Miami by virtue of said order and pursuant to the statute authorizing the same. On November 11, 1929, the term of Circuit Court was adjourned *sine die* by Hon-

orable Paul D. Barns, one of the resident Judges. On January 22, 1930, an opinion and judgment was filed, signed by Judge Adams, affirming the judgment of the Civil Court of Record in the appeal case above referred to. The contention on behalf of petitioner for certiorari is that this judgment signed by Judge Adams was unauthorized because it was signed and filed after the expiration of the Dade County Circuit Court term which was finally adjourned, as hereinbefore stated, on November 11, 1929. In this connection the contention is made that the executive order to Judge Adams was that he should "then and there during the term of said Court" assist the Circuit Judges of the Eleventh Judicial Circuit of Florida "at the term of Court aforesaid," and that inasmuch as the term ended November 11, 1929, the power of Judge Adams to enter judgments on appeal cases heard during the term absolutely terminated on that date.

After the writ of certiorari was awarded, Judge Adams made and filed in this cause in this Court a certificate which reads as follows:

"By consent of the attorneys for the plaintiff in error and the defendant in error, I took the case under submission, with the distinct understanding and stipulation that it would be some time before my decision would be rendered and that I would take the files with me upon my return to Mayo, Third Judicial Circuit, Lafayette County, Florida; that no objection or exception was taken to the consideration of this matter after the expiration of the time of my appointment to serve on the bench of the Eleventh Judicial Circuit in and for Dade County, Florida, or the rendition of my opinion after the date of such expiration; otherwise, I would not have heard the case at all."

From this certificate it appears that the appeal case, the judgment in which is sought to be quashed, was submitted to Judge Adams for his consideration and decision during the term of Court at which Judge Adams was authorized

to act as a Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County. The judgment in the case, however, was not signed and entered by Judge Adams until January 22, 1930, after he had returned to his own Circuit. Prior to this time, as has been pointed out, Judge Paul D. Barns made an order which reads as follows:

"Whereupon all matters and motions not otherwise disposed of, are hereby continued for the term, and court adjourned sine die, this 11th day of November, A. D. 1929."

Reduced to its last analysis then, the argument of petitioner is that Judge Barns, by his order of November 11, 1929, in adjourning the term of Court at which Judge Adams was designated by the Governor to attend and act, thereby cut off Judge Adams' power to complete the disposition of cases which had been submitted to Judge Adams during the term of Court, but which he had taken under advisement and had not decided at the time Judge Barns' order was made.

It may be true, as contended by petitioner, that the order of Judge Barns in adjourning the court sine die on November 11, 1929, was a final adjournment of the term of court which also terminated the assignment of Judge Adams to that term under order of the Governor, but it does not necessarily follow that the order of Judge Barns terminated the right of Judge Adams to finally dispose of cases which had already been argued and submitted to him during the term and which he had taken under advisement in order to enable him to arrive at a proper decision.

In the case of McGee v. Ancrum, 33 Fla. 499, 15 Sou. Rep. 231, this Court has held in effect that a Judge may postpone the hearing of a motion for new trial until a day in vacation and then hear and determine the same. Such action, it was held in that case, is virtually a prolongation of the term of court as to such particular cause so that the

o'rders and judgment when rendered, though signed in vacation, are virtually rendered in term. See State ex rel. Skipper vs. Bird, Circuit Judge, 99 Fla. 673, 127 Sou. Rep. 331.

By analogy we see no reason why the course of procedure followed by Judge Adams in the present case should not be viewed in the same light and controlled by the same course of reasoning. Judge Adams certified that the case was duly submitted to him prior to' November 11, 1929. Had he been willing to then announce his decision according to ''his best guess,'' without making the exhaustive investigation of the record and brief that he did make, there is no question that his judgment so announced and rendered at that time would have been valid. What, then, was the effect of the Judge's action in taking the case under advisement and continuing the announcement of his decision until a later date for the purpose of rendering a judgment which would not only be good in form but according to right and justice? Our conclusion is that the effect of the action taken should be regarded as a prolongation of the term of court as to this particular cause and that the judgment and order rendered by Judge Adams on January 22, 1930, should be regarded as having been entered by him under his authority as a Circuit Judge and his designation to hold part of a term in Dade County.

We hold therefore that a Circuit Judge designated by the Governor to hold part of a term of Circuit Court in a county outside his Circuit, has jurisdiction in an appeal case to complete the exerice of his judicial authority in a case which has been heard by him during the term and taken under advisement after having been fully argued and submitted, and to complete his disposition of it by an appropriate order entered by him after the general term has been adjourned for all other purposes. In such cases the effect of the order of the Circuit Judge in taking the case under advisement and deferring the an-

nouncement of his decision, is virtually the prolongation of the term as to that particular case, for the purpose of enabling the court to finally dispose of it by a proper judgment, which action is deemed to be pursuant to the jurisdiction over it which the court had already acquired during the general term when the case was argued and finally submitted. See A. C. L. R. R. Co. v. Mallard, 53 Fla. 515, 43 Sou. Rep. 755.

Having reached the conclusion that the order of Judge Adams was made with authority, we next consider whether or not there was fundamental error in his judgment of affirmance.

From the record it appears that Vanderpool purchased from Spruell certain stock in a concern known as Skillman-Spruell Company, which was engaged in the undertaking, or as it is now fashionably called, the *mortician* business. In connection with the transaction Vanderpool gave certain notes to Spruell, among which was the note sued on in this case. The defendant by pleas contended that the note had been secured from him by fraud and deceit and as a result of a conspiracy between Skillman and Spruell to defraud him. This issue was submitted to a jury for trial and the jury returned a verdict for the plaintiff in the sum of $2622.20. Motion for a new trial was denied and on appeal the judgment was affirmed by the Circuit Court.

It is contended that in arriving at the judgment the Civil Court of Record did not proceed according to the essential requirements of law, because of certain charges to the jury which were given at the trial. One of these charges was as follows:

"The Court charges the jury that morality forbids the idea that one man should take possession of another man's property under a contract which at most is merely voidable, and notwithstanding its continu-

ous enjoyment, refuse to make for it any remuneration.''

It is undoubtedly true that the giving of this charge was error. It may perhaps have been reversible error, but the right to adjudge it so does not lie within the province of this Court on a proceeding in certiorari. To warrant the quashing of a judgment of the Circuit Court affirming a judgment of the Civil Court of Record, it must be made to appear that there is more than mere error in the giving of a charge to the jury, before we would be authorized to quash the judgment as not being one according to the essential requirements of law.

The charge in question was objectionable because it stated an abstract proposition pertinent perhaps in a judicial opinion disposing of the case in an appellate court, but not appropriate to be given as a charge to a jury in a case of this kind.

But it was not a charge which was fundamental as to the merits of the controversy. It neither directed nor restrained the jury to decide the cause according to other than the proper rules governing the burden of proof and the law applicable to the issues made. For this reason, while it was abstract and misleading, it was not fundamentally a bar or of such character as would warrant us in setting aside the judgment of affirmance solely because it was given.

Assuming that this Court has jurisdiction on a writ of certiorari to quash the judgment of a Civil Court of Record affirmed by the Circuit Court, on the ground of improper charges given to the jury, it must be made to appear that the charges complained of were of such character that the trial and determination of the cause in accordance with said charges, if followed, would not be in accordance with the essential requirements of law. Mere errors in the giving of abstract or inappropriate charges are not fundamental nor are they sufficient to

warrant the quashing of the judgment. Mere errors, as such, are to be corrected by appellate proceedings, the jurisdiction to entertain and decide which is vested in the Circuit Court as the primary court of appeal and not in the Supreme Court on certiorari after the case has been tried in the Civil Court of Record and affirmed on appeal to the Circuit Court.

From what has been said it follows that the respondent's motion to quash the writ of certiorari must be granted, and it is so ordered.

Writ of certiorari quashed.

WHITFIELD, P.J., AND TERRELL, J.; concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.