A. B. MORRIS, *Petitioner,* v. THE STATE OF FLORIDA, *Respondent.*

ROY PARKER, *Petitioner,* v. THE STATE OF FLORIDA, *Respondent.*

JAMES SMITH, *Petitioner,* v. THE STATE OF FLORIDA, *Respondent.*

148 So. 182.

Opinion filed May 5, 1933.

Re-hearing denied May 24, 1933.

*Wm. W. Flournoy,* for Petitioners.

PER CURIAM.—These three cases involve applications for writs of *certiorari* to the Circuit Court of Okaloosa County to quash certain convictions had in the Court of the County Judge for violations of the laws against intoxicating liquors. Each of the convictions was duly affirmed on appeal to the Circuit Court.

An opinion was written in each case by the Circuit Judge in affirming the judgments of the County Judge. One of the reasons given by the Judge of the Circuit Court for refusing to reverse the County Judge on his rulings concerning the admissibility of evidence obtained under alleged invalid search warrants, was that the search warrants complained of, if insufficient, had not properly been made to appear of record on appeal, either in the bill of exceptions proper, or otherwise identified by such reference in the bill of exceptions, that the papers appearing in the transcript itself could be considered as having been incorporated into the bill of exceptions by reference.

Exhibits appearing in a transcript of appeal, and consisting of matters *in pais,* may be considered as part of a

bill of exceptions in the case, only when such matters *in pais* copied in the transcript are properly referred to and identified by some appropriate reference contained in the bill of exceptions. Ferlita v. Figorrata, 107 Fla. 489, 145 Sou. Rep. 607; Kidd v. City of Jacksonville, 99 Fla. 1023, 128 Sou. Rep. 31.

The overruling of the assignments of error relating to the County Judge's denial of defendant's request for thirty minutes for argument, instead of twenty minutes as allowed, was not a departure, by the Circuit Court as a Court of Appeal, from the essential requirements of law, because the record on appeal showed that when counsel applied for leave to have thirty minutes allocated to defendant's counsel for argument of his case, which request was granted to the extent of allowing twenty minutes, counsel for defendant refused to make any argument at all and counsel for the prosecution thereupon waived its own right to make any argument. Had counsel for defendant used the twenty minutes allotted to him, and then been stopped by the trial judge before he had been allowed a reasonable time to conclude the kind of argument he was endeavoring to make, the alleged error might then present such a denial of the right of argument as to constitute a departure from the essential requirements of law, and not merely an erroneous or reversible ruling of the trial judge.

The Supreme Court on *certiorari* cannot quash a judgment merely because reversible error was committed. The error complained of as ground for quashing a judgment on *certiorari,* must be so flagrant as to constitute a departure from the essential requirements of the law with respect to procedural steps necessary to be taken or followed in order to administer justice according to controlling and indispensable rules of law. Des Rocher & Watkins Towing Co.

v. Third Nat. Bank, 106 Fla. 466, 143 Sou. Rep. 768; Vanderpool v. Spurell, 104 Fla. 347, 139 Sou. Rep. 892.

The common law writ of *certiorari* cannot be made to serve the purpose of an ordinary appellate proceeding in the nature of a writ of error. Brinson v. Tharin, 99 Fla. 676, 127 Sou. Rep. 313; Edwards v. Knight, 100 Fla. 1704, 132 Sou. Rep. 459. And upon an application for the writ of *certiorari* accompanied by a copy of the entire record including the judgment to be quashed, the Supreme Court will refuse to issue the writ of *certiorari* applied for in such case if it plainly appears from the records and briefs offered in support of the petition for *certiorari,* that the writ of *certiorari,* if issued, must inevitably be quashed upon the formal return of the record sought to be brought up by it. General Motors Acceptance Corp. v. Judge Circuit Court, 102 Fla. 924, 136 Sou. Rep. 621.

*Certiorari* denied in each case.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.