L. SALARIO v. LATIN AMERICAN BANK.

151 So. 50.
Division B.
Opinion Filed November 27, 1933.

*L. D. McGregor* and *R. J. Duff,* for Petitioner; *Jackson, Dupree & Cone,* for Respondent.

PER CURIAM.—This case is before us on writ of certiorari to the Circuit Court of Hillsborough County to review a judgment of the civil court of record, which was entered in the civil court of record prior to that court being abolished and was thereafter, and within the time allowed for review by writ of error from the circuit court to the civil court of record, transferred and brought within the jurisdiction of the Circuit Court of Hillsborough County by virtue of the statute abolishing the Civil Court of Record of Hillsborough County and placing all matters then pending within the

jurisdiction of that court in the jurisdiction of the circuit court.

The sole question which this Court is required to determine is whether or not the judge of the civil court of record failed to comply with the essential requirements of the law in the making of an order sustaining a demurrer to what is referred to as the defendant's second amended plea to the declaration, such plea having been filed on the 21st day of November, 1931.

It appears to us that the plea attempted to set up a defense which might have been pleaded but it is so vague and indefinite that we are unable to say that the order sustaining the demurrer was a departure from the essential requirements of the law. It is not possible to determine with certainty from the language of the plea whether the defendant is attempting to aver that the note which constituted the cause of action sued on was executed by him as the agent for a disclosed principal, or was executed by him as a member of a partnership with authority to bind all members of the partnership as partners by his execution of the note, though executed in his individual name.

If the plea should be construed that the defendant proposed to set up as a defense that in the execution of the note he was acting as agent or trustee for, and on behalf of, a disclosed principal, such plea would invoke the principles of law applicable to principal and agent. While if the plea should be construed as a plea setting up the fact that the note was executed by himself for and on behalf of a co-partnership, of which he was a member, and for a consideration of which he was authorized by the terms of the partnership agreement to bind the co-partners as such, such plea would invoke the consideration of the law governing co-partnerships. And, as the plea was so drawn

that the court could not determine with certainty by the terms of the plea which position the defendant intended to assume or whether it was intended to invoke the law of principal and agent, or the law of co-partnerships, the sustaining of the demurrer was justified. Therefore, the writ of certiorari should be quashed. It is so ordered.

Quashed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—Mere error cannot be inquired into, nor made the basis for quashing a judgment, by means of a common law writ of certiorari. See Basnett v. City of Jacksonville, 18 Fla. 523; Ragland v. State, 55 Fla. 157, 46 So. 724; Benton v. State, 74 Fla. 30, 76 So. 341; Haile v. Gardner, 82 Fla. 355, 91 So. 376; First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618; American Ry. Express Co. v. Weatherford, 86 So. 626, 98 So. 820; Brinson v. Tharin, 96 Fla. 696, 127 So. 313; Vanderpool v. Spruell, 139 So. 892, 104 Fla. 347. This case had been taken from the civil court of record to the circuit court, by writ of error, and the subsequent ruling of the civil court of record, here complained of, was made pursuant to the law of the case as determined by the circuit court, acting as an appellate court. Under the foregoing authorities, I concur that this writ of certiorari should be quashed, even though error appears in the ruling of the civil court of record in sustaining the demurrer to defendant's second amended plea, but I do not concede that there was any error. The question involved in the ruling had been ably and, I think, correctly discussed and decided in the opinion and judgment of the circuit court, and the plea as amended did not fully meet the requirements of the law as stated in such opinion.