187 So.2d 61 (1966)
Earnest Donald SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 6961.
District Court of Appeal of Florida. Second District.
June 3, 1966.
C.J. Abernathy, of Jenkins & Abernathy, St. Petersburg, for petitioner.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for respondent.
ALLEN, Chief Judge.
Petitioner Smith, defendant below, filed a petition for certiorari seeking to review an order denying a motion for continuance, filed by newly secured attorneys, in the first degree murder case wherein a new trial had been granted by the court below.
The petitioner was tried and convicted in August, 1965. A motion for a new trial, filed by his privately retained counsel, was granted on January 21, 1966. The court set the new trial for January 31, 1966. The attorney then representing the defendant, advised the court that he had not been paid for a new trial. The court determined that the petitioner was insolvent and then appointed the attorney who had represented the defendant in the first trial, an experienced lawyer of St. Petersburg, Honorable James F. Snelling, to represent him at the second trial and for him to be paid by the State.
On January 28, 1966, the firm of Jenkins and Abernathy filed a notice of appearance in the case and filed a motion for continuance, which was denied. This is the order sought to be reviewed by certiorari. In addition to the petition for writ of certiorari, an appeal has been filed in this court to review the judgment of the circuit court bearing date February 18, 1966.
We shall not discuss the merits vel non of the motion for a continuance as we are of the view that under the factual situation in this case certiorari will have to be denied. The motion for continuance was, in effect, an interlocutory order and any error that might have been committed by the trial judge can be properly reviewed in the appeal pending in the case.
In the case of Tart v. State, 1928, 96 Fla. 77, 117 So. 698, our Supreme Court held that certiorari would not lie to review correctness of a trial court's order striking the defendant's pleas in bar. Pleas involved were those of autrefois acquit. In its opinion, the Supreme Court stated:
"Certiorari cannot be employed as a substitute for a writ of error. In order to justify the issuance of a writ of certiorari, it must ordinarily appear from the face of the record of an inferior court or tribunal that in rendering its final judgment it has acted in usurpation of a jurisdiction it did not possess, or that there has been a palpable abuse of power *62 resulting in a miscarriage of justice, or that the court or tribunal has not proceeded according to the essential requirements of law, as distinguished from the commission of a mere error of judgment; and, in addition, it must appear that there is no plain, speedy, and adequate remedy by appeal or writ of error to correct such action. Benton v. State, 74 Fla. 30, 76 So. 341; Haile v. Gardner, 82 Fla. 355, 91 So. 376. See, also, Hunt v. [City of] Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am.St.Rep. 214; Basnet v. City of Jacksonville, 18 Fla. 523; Edgerton v. Mayor, etc., of Green Cove Springs, 18 Fla. 528; American Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740; 11 C.J. 113.
"Mere error in the determination of nonfundamental procedural or other questions properly submitted to and regularly determined by a trial court will not ordinarily justify the exercise of the supervisory jurisdiction of this court by certiorari, when such errors result only in an erroneous as distinguished from a void or illegal judgment, and no palpable abuse of authority, usurpation of jurisdiction, or manifest miscarriage of justice appears. Errors of that nature can ordinarily be reviewed only upon writ of error to the final judgment in the exercise of the purely appellate jurisdiction of this court. Haile v. Gardner, 82 Fla. 355, 91 So. 376; Peaden v. State, 90 Fla. 84, 105 So. 142; Ragland v. State, 55 Fla. 157, 46 So. 724; 17 C.J. 16."
In Morris v. State, 1933, 110 Fla. 95, 148 So. 182, the Supreme Court stated:
"The Supreme Court on certiorari cannot quash a judgment merely because reversible error was committed. The error complained of as ground for quashing a judgment on certiorari must be so flagrant as to constitute a departure from the essential requirements of the law with respect to procedural steps necessary to be taken or followed in order to administer justice according to controlling and indispensable rules of law. Des Rocher & Watkins Towing Co. v. Third Nat. Bank [106 Fla. 466], 143 So. 768; Vanderpool v. Spruell [104 Fla. 347], 139 So. 892."
This court, in Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745, in a certiorari proceeding, stated:
"Review other than by appeal from a final judgment is limited. In an action at law, interlocutory appeal is permitted only from specifically categorized orders. Rule 4.2, Florida Appellate Rules, 31 F.S.A. Other than this, appeal must be from a final judgment. Common-law certiorari, a discretionary writ, ordinarily will not be issued by an appellate court to review interlocutory orders in a suit at law, since such errors as are made in it may be corrected on appeal. Only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, will the appellate court exercise its discretionary power to issue the writ. See Wolf v. Industrial Supply Corp., Fla. 1952, 62 So.2d 30; Kauffman v. King, Fla. 1956, 89 So.2d 24; Taylor v. Board of Public Instruction of Duval County, Fla.App. 1961, 131 So.2d 504. Where the remedy of appeal exists, this right ordinarily serves as a sufficient impediment to the obtaining of review by certiorari, although it may not be as convenient. 5 Fla.Jur., Certiorari, section 9, page 492; Tart v. State, 1928, 96 Fla. 77, 117 So. 698."
Certiorari denied.
SHANNON and PIERCE, JJ., concur.