440 So.2d 74 (1983)
Howard WESTLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-266.
District Court of Appeal of Florida, Fifth District.
November 10, 1983.
*75 Joseph W. DuRocher, Public Defender, and Roger L. Weeden, Asst. Public Defender, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kelly Overstreet Johnson, Asst. Atty. Gen., Tallahassee, for appellee.
COBB, Judge.
This is an appeal by Howard Westlake from an involuntary commitment proceeding under section 394.467, Florida Statutes (Supp. 1982). The appealed order for involuntary placement is dated February 16, 1983, and shows on its face that Westlake's commitment was "for a period not to exceed six (6) months."
The Florida Supreme Court previously has upheld the constitutionality of such a proceeding. In re Beverly, 342 So.2d 481 (Fla. 1977). Subsequently, in State v. Kinner, 398 So.2d 1360 (Fla. 1981), an attack was made on the constitutionality of section 393.063(22), Florida Statutes (1977), which defines the term "Retardation" as used in the Baker Act; a question was also raised as to the sufficiency of the evidence to support confinement. After finding the challenged statute constitutional, the court said:
Mr. Kinner's release makes the second issue, whether the evidence supported his confinement, moot. We, therefore, need not make a decision as to the findings of fact of the trial court.
398 So.2d at 1363.
The issue of mootness in the instant case is governed, by reason of stare decisis, by the Florida Supreme Court's holding in Kinner. When queried by the appellate panel at oral argument as to the issue of mootness in the instant case, given the prior release of Westlake, counsel for the appellant urged this court that the case should not be considered as moot because of the stigma attached to an involuntary commitment for treatment of mental illness.
Although such stigma was judicially recognized by at least one federal court as the basis for determining the proper quantum of proof to be applied to civil commitment proceedings, that same court relied on the possibility of collateral legal, not social, consequences as a basis for rejecting the mootness argument presented there. In re Ballay, 482 F.2d 648 (D.C. Cir.1973). No such collateral legal consequences (e.g., restriction of voting rights, jury service, driver's licenses or gun licenses) have been suggested to us in the instant case. We observe, moreover, that the most salutory relief available to a person wrongfully committed would be release pursuant to a timely petition for writ of habeas corpus, not an impractical appeal which cannot avert shortterm confinement. In any event, we are governed by the precedent of the Florida Supreme Court (Kinner) rather than that of the federal courts in determining an issue such as mootness of an appeal.
For the foregoing reasons, the appeal herein is
DISMISSED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.