LEHAN, Judge.
Appellant, the Administrator of Anclote Manor Hospital, appeals a hearing officer’s order dismissing appellant’s request for continued involuntary placement of appel-lee, a patient at the hospital.
Appellee was involuntarily committed by order of the Circuit Court of the Eleventh Judicial Circuit in 1978. Since that time appellee has remained a patient at the hospital. Pursuant to section 394.467(4)(d), Florida Statutes (1981), appellant has periodically obtained continuances of appellee’s involuntary placement. The last of those continuances prior to the foregoing order was in February 1982 when a hearing officer entered an order finding that appellee met the criteria for continued involuntary placement.
The order which is the subject of this appeal was entered following appellant’s April 1982 request for continued involuntary placement of appellee. At the June 1982 hearing on that request, after testimony concerning appellee’s condition supportive of an order for appellee's continued involuntary placement, the hearing officer dismissed the request on grounds that (1) the initial commitment order apparently was not in the hearing officer’s file and two of the prior orders for continued involuntary placement refer to different purported initial commitment orders, and (2) in June 1979 a request for continued involuntary placement had been filed one day after the expiration of the time period required under section 394.457(9). We reverse.
The issue presented to the hearing officer by appellant’s request for continued involuntary placement was whether or not “the patient continues to meet the criteria for involuntary placement_” § 394.-467(4)(f), Fla.Stat. (1981). See Hill v. *1115 State, 358 So.2d 190, 203 (Fla. 1st DCA 1978).
As to the first ground of the hearing officer’s dismissal, the lack of an initial commitment order in the hearing officer’s file, appellee’s detention appears to have been thereby considered to be unlawful. There was no explanation for the apparent absence in the hearing officer’s file of the initial commitment order or for the conflicting references in prior orders of continued involuntary placement to initial orders of commitment. However, the initial order appears to be in the record before us, the correct procedure for continued involuntary placement was followed by appellant, and any questions as to the initial legality of appellant’s detention may be brought by habeas corpus in the circuit court. See § 394.459(10)(b), Fla.Stat. (1981). It is appropriate, however, that the Administrator undertake to resolve the apparent administrative conflicts in the record referred to in the order now on appeal and that the resolution of the conflicts be reflected in appel-lee’s file.
As to the second of the hearing officer’s grounds, the late filing of a 1979 request for continued involuntary placement of appellee, that circumstance did not deprive the hearing officer in June 1982 of jurisdiction. Whether or not such a prior late filing could deprive a hearing officer of jurisdiction, it appears to have been waived by appellee’s subsequent various appearances at continuation of involuntary placement hearings, with counsel, without raising the issue.
We therefore remand for a determination by the hearing officer of the foregoing issue as to continued involuntary placement.
REVERSED AND REMANDED.
BOARDMAN, A.C.J., and GRIMES, J., concur.