524 So.2d 1091 (1988)
Elise EVERETT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-931.
District Court of Appeal of Florida, First District.
May 4, 1988.
*1092 Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Jeffrey M. Dikman and Desmond V. Tobias, Asst. Atty. Gen., Tallahassee for appellee.
MILLS, Judge.
In this appeal from an order of involuntary placement pursuant to The Baker Act, sections 394.451-4785, Florida Statutes (1985), the appellant contends, among other things, that the state failed to prove she met all statutory criteria[1] for involuntary placement. We reverse because the state failed to present evidence that, because of her mental illness, appellant refused voluntary placement for treatment, or was unable to determine whether placement was necessary.
The only evidence on this issue was that appellant was hospitalized "on multiple occasions" as a result of her failure to take medication prescribed for her condition. There is nothing in the record indicating whether the hospitalizations were voluntary or involuntary, initiated by appellant or someone else. Thus we cannot say the state carried its burden of proving this statutory criterion for involuntary placement by clear and convincing evidence. See Schexnayder v. State, 495 So.2d 850 (Fla. 1st DCA 1986) (criterion not proven where appellant admitted herself to hospital). We therefore reverse the order of involuntary placement without reaching the other issues raised by appellant. As in Schexnayder, however, we recognize that appellant's illness is ongoing and that the state may need to institute further proceedings for her protection.
Finally, we address a procedural issue which arose during the pendency of this appeal. The order appealed provided for appellant's involuntary placement in a state hospital for six months. That sixmonth period expired while review was pending, raising the question of whether the appeal had been mooted. See Westlake v. State, 440 So.2d 74 (Fla. 5th DCA 1983). Our show cause order to counsel for appellant resulted in evidence that appellant remains involuntarily hospitalized pursuant to an order of continued involuntary placement, also an appealable order. § 394.457(7), Fla. Stat. (1985). The issue then became whether the original placement order was, in effect, superseded by the order of continued involuntary placement such that review of the original order would now be meaningless. We think not.
If a circuit judge's order of initial involuntary placement is erroneous, subsequent administrative orders of continued involuntary placement, predicated as they are on *1093 the initial order, do not render challenges to that order moot. Cf. Coppol v. Muhtar, 444 So.2d 1114 (Fla. 2d DCA 1984) (where the court, in reversing an order dismissing a request for continued involuntary placement, noted that the initial legality of the patient's detention could still be challenged in a habeas corpus petition to the circuit court). If, therefore, the original involuntary placement order is timely appealed, the issues raised in that appeal survive the initial placement period in instances where the appellant remains involuntarily placed pursuant to an order of continued involuntary placement.
We note, however, that it would appear advisable for those challenging orders of initial involuntary placement to seek expedited appellate review, or to promptly challenge the order in a habeas corpus petition to the circuit court. The alternative is to risk a mooted appeal in those instances where continued involuntary placement does not follow the initial placement period.
REVERSED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] 394.467 Involuntary placement. 

(1) CRITERIA  A person may be involuntarily placed for treatment upon a finding of the court by clear and convincing evidence that:
(a) He is mentally ill and because of his mental illness:
1.a. He has refused voluntary placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of placement for treatment; or
b. He is unable to determine for himself whether placement is necessary; and
2a. He is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, he is likely to suffer from neglect or refusal poses a real and present threat of substantial harm to his well-being; or
b. There is substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(b) All available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate.