PER CURIAM.
Shirley Godwin seeks review of a circuit court order involuntarily committing her to a state mental health facility, arguing that clear and convincing evidence was not presented that would justify the action. Appellee now moves to dismiss this appeal as moot, showing that appellant has been released from her commitment. In opposition to dismissal, appellant argues that “a myriad of consequences exist in our society as a result of a commitment to a mental health facility — even subsequent to release.” She gives as an example difficulties in explaining a gap in her employment history to prospective employers.
We conclude appellee’s motion to dismiss should be granted. In Westlake v. State, 440 So.2d 74 (Fla. 5th DCA 1983), it was held that to avoid dismissal in similar circumstances, appellant must at least demonstrate collateral legal consequences from her involuntary commitment. Accord, Taylor v. State, 536 So.2d 1050 (Fla. 1st DCA 1988). Here, appellant relies on potentialities that do not appear to be legal in nature. Accordingly, we grant appellee’s motion and this appeal is dismissed as moot. In so doing, however, we express reservations in applying the mootness doctrine to this case and certify the following question to be one of great public importance:
WHEN AN INDIVIDUAL SEEKING REVIEW OF AN ORDER OF INVOLUNTARY COMMITMENT HAS BEEN RELEASED FROM THAT COMMITMENT PRIOR TO DISPOSITION OF THE APPEAL ON THE MERITS, WHAT SHOWING MUST SHE MAKE TO AVOID DISMISSAL OF THE APPEAL ON GROUNDS OF MOOTNESS? APPEAL DISMISSED.
ERVIN, WENTWORTH and BARFIELD, JJ., concur.