766 So.2d 1239 (2000)
Morris HARRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D00-3259.
District Court of Appeal of Florida, First District.
September 25, 2000.
*1240 Nancy Daniels, Public Defender, and Edward Harvey, Assistant Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, for respondent.
PER CURIAM.
Morris Harris, the subject of a petition for civil commitment as a sexually violent predator pursuant to the Jimmy Ryce Act, sections 394.910 through 394.931, Florida Statutes (1999), petitions this court for a writ of certiorari to review the circuit court's denial of his motion to dismiss the petition. For the reasons set forth below, we deny the petition.
Harris entered a plea of nolo contendere in 1995 to a charge of lewd and lascivious act on a child under sixteen years of age. In accordance with a plea agreement, he was sentenced to a term of fifteen years in state prison. At the end of seven years of imprisonment, the remainder of the sentence was to be suspended and Harris would be placed on probation for the remaining eight years. Prior to his release, however, the state attorney filed a petition in the circuit court for Harris' commitment pursuant to the Ryce Act. Harris moved to dismiss arguing, among other things, that the proceedings violated the terms of the plea agreement. The motion was denied and Harris timely petitioned this court for a writ of certiorari to review that ruling on an interlocutory basis.
In support of his theory that the trial court's denial of the motion to dismiss should be reviewed now and not await appeal from a final order, petitioner relies on Murray v. Kearney, 25 Fla. L. Weekly D924, ___ So.2d ___, 2000 WL 369129 (Fla. 4th DCA April 12, 2000). After his commitment as a sexually violent predator Murray sought relief by filing a petition for writ of habeas corpus in the Fourth District because he was being held in a detention facility within that court's jurisdiction. The Fourth District transferred the petition to the Third District, where the criminal conviction had arisen and where Murray had filed a motion to enforce the plea agreement. When the Third District concluded it lacked jurisdiction and returned the case to the Fourth District, the court held that Murray's remedies were to have appealed the order of civil commitment or the order denying the motion to enforce the plea agreement, or to have moved to withdraw his plea. Id. at D924, at ____. In discussing the appropriate remedy, however, the court also stated that the order denying the motion to dismiss the commitment petition would have been reviewable by certiorari because "an improper refusal to dismiss the Ryce Act proceedings would cause petitioner irreparable harm that could not be remedied on appeal since he will be in detention during the proceedings, and nothing on appeal can cure that." Id. While this statement, on its face, has a certain force of logic, we decline to accept the principle for two reasons. First, it appears to be contrary to the established law of this state. Tart v. State, 96 Fla. 77, 117 So. 698 (1928); see *1241 also Mingle v. State, 429 So.2d 850 (Fla. 4th DCA 1983); Smith v. State, 187 So.2d 61 (Fla. 2d DCA 1966); Banks v. State, 130 So.2d 73 (Fla. 1st DCA 1961). Second, extended to its logical conclusion, adoption of this reasoning would open the door for interlocutory review of denial of motions to dismiss (and other potentially dispositive defense motions) in all criminal and involuntary commitment proceedings. The delays which would follow in trial court proceedings and the increase in the workloads of the appellate courts of this state would both be unacceptable.
This court has stated that it will afford expedited consideration to appeals from orders of involuntary commitment. Everett v. State, 524 So.2d 1091 (Fla. 1st DCA 1988). We find that an appeal from a final order is the adequate and appropriate remedy for denial of a motion to dismiss in this context, just as it is in virtually every other setting. Johnson v. Henningson, 370 So.2d 60 (Fla. 4th DCA 1979). Accordingly, the petition for writ of certiorari is denied without prejudice to petitioner's right to raise this argument on plenary appeal.
PETITION DENIED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.