ON MOTION FOR REHEARING

POLEN, C.J.
Appellant’s Motion for Rehearing and/or Motion for Certification of this issue as being in direct conflict with a recent opinion from the first district is hereby denied. However, we write to clarify our previous opinion in this case. Appellant Bernardo Garcia initially brought an appeal contesting the state’s ability to file a petition seeking to commit him under the Jimmy Ryce Act, section 394.910-.931, Florida Statutes, in light of a previous plea agreement entered into between himself and the state. The trial court denied Garcia’s motion to specifically enforce the plea agreement. This court has affirmed that decision. However, this court affirmed without prejudice so that Garcia may raise a similar motion at the civil commitment proceeding.
Garcia requests that this court certify conflict with the first district’s recent opinion in Harris v. State, 27 Fla. L. Weekly D946, — So.2d -, 2002 WL 731699 (Fla. 1st DCA Apr.26, 2002); see also Gentes v. State, 828 So.2d 1051 (Fla. 1st DCA 2002)(following Harris). We do not certify conflict. Rather, we point out footnote 1 in Harris which reads:
This is Appellant’s second appearance before this court.... In Harris v. State, 766 So.2d 1239 (Fla. 1st DCA 2000), Harris sought common law certiorari review of an order denying his motion to dismiss the state’s petition to commit him as a sexually violent predator on the ground, among other things, that the proceeding violated the terms of his pri- or plea agreement. The court denied the petition without prejudice to Harris’s right to raise the issue in an appeal from the final commitment order, which has now been entered.
In this case we dismiss the appeal without prejudice so that Garcia may challenge the state’s ability to petition for civil commitment under the Jimmy Ryce Act at the civil commitment proceeding, as there has been no commitment order entered at this time.
STONE, J., and DAVIDSON, LISA, Associate Judge, concur.