McNeil *et al.* v. Webeking—Syllabus.

D. T. McNeil, *et al., Plaintiffs in Error,* v. Henry Webeking, *Defendant in Error.*

Opinion Filed December 2, 1913.

1. The courts do not declare statutes to be invalid because they may be regarded as unreasonable in their terms or in their operation, unless such unreasonableness in effect violates some provision or principle of the Federal or the State constitution.

2. In passing upon the constitutionality of a statute the courts consider only the power of the legislature to enact the statute, not the wisdom of or the necessity for the enactment.

3. An Act of the legislature prescribing police regulations, when attacked on constitutional grounds, should not be declared to be inoperative unless it clearly and inevitably violates some provision or principle of organic law.

4. Where a common law cause of action is alleged against the operator of an automobile on a public highway, a failure to allege that the automobile was registered under the statute is not fatal.

5. Where charges are not erroneous or harmful when considered with reference to the pleadings and the evidence, technical imperfections in the charges may not constitute reversible error.

6. Where there are good counts sustained by the evidence, the presence of possibly defective counts in a declaration is not material, when there is nothing to indicate that the verdict may probably have been found under a defective count.

7. The amount of the verdict must be grossly excessive to call for interference by the appellate court.

Writ of error to Circuit Court of Orange County; J. W. Perkins, Judge.

Judgment affirmed.

*C. B. Robinson* and *C. P. Dickinson,* for Plaintiff in Error;

*Starbuck & Starbuck,* for Defendant in Error.

WHITFIELD, J.—The amended declaration herein contains six counts in effect alleging separately that Webeking was driving his horse and wagon along a public highway near a point where said highway turns at right angles; (1) that the defendants in operating an automobile going in the opposite direction, run the automobile on the left side of the road and turned the corner in a careless, reckless, negligent and dangerous manner, by means whereof plaintiff's said horse was frightened and ran away, injuring plaintiff and his wagon; (2) that defendants were running and operating said automobile at a dangerous rate of speed turning the corner in a careless, reckless, negligent and dangerous manner, frightening plaintiff's horse and causing it to run away and injure plaintiff; (3) that defendants were operating the automobile in a reckless, careless, unlawful and dangerous manner in turning the corner at a speed exceeding four miles an hour, thereby frightening plaintiff's horse; (4) that defendants were negligent in not blowing any horn or giving any other signal of their approach, &c.; (5) that defendants were negligently running the automobile without lights after sun set, &c.; (6) that defendants were negligently running said automobile on the left hand side of the road, at a reckless and dangerous

rate of speed, turned the corner at a rate of speed exceeding four miles an hour, without blowing any horn or giving any other signal or warning, without lights lights after sunset, and by said reckless, careless, negligent and dangerous conduct, frightened plaintiff's horse, causing it to run away, whereby the plaintiff and his wagon and harness were injured. A demurrer to the third, fourth and sixth counts was overruled. Trial was had on a plea of not guilty. Judgment for the plaintiff in the sum of $276.04, as damages and as interest to the bringing of the action was rendered, and the defendants took writ of error.

It is contended that Section 7 of Chapter 5437 Acts of 1905, which provides that persons operating a motor vehicle to be registered shall not run the same at a rate of speed exceding four miles per hour, upon approaching any sharp curve, bridges, fills and intersections of, or crossings of other railroads, is unreasonable and invalid.

The courts do not declare statutes to be invalid because they may be regarded as unreasonable in their terms or in their operation, unless such unreasonableness in effect violates some provision or principle of the Federal or the State constitution. In passing upon the constitutionality of a statute the courts consider only the power of the legislature to enact the statute, not the wisdom or the necessity for the enactment. An Act of the Legislature prescribing police regulations, when attacked on constitutional grounds, should not be declared to be inoperative unless it clearly and inevitably violates some provision or principle of organic law.

If the particular statutory provision assailed is not a salutary police regulation, it certainly is not shown to be violative of any constitutional right of the defendants.

In view of the various counts of the declaration and of the evidence a charge complained of is not erroneous or harmful because it does not refer to a *registered.* automobile operated on a *public* highway.

As the fourth count alleges that the defendants *were negligent in turning the corner* and *approaching plaintiff's horse* without blowing any horn, or *giving any other signal of their* approach, and that by reason of their negligent conduct the defendants frightened plaintiff's horse, thereby causing the injury, the absence of an allegation that the automobile was registered is not fatal.

Even if the sixth count is defective or is subject to the criticism that it improperly seeks to blend common law and statutory negligence, there are other counts sustained by the evidence. The injury was considerable, and under the circumstances, the verdict is not so excessive as to call for interference by the appellate court.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.