DES ROCHER & WATKINS TOWING COMPANY, a corporation, *Petitioner*, vs. THIRD NATIONAL BANK OF MIAMI, FLORIDA, a banking corporation, *Respondent*.

143 So. 768.

En Banc.

Opinion filed August 23, 1932.

Petition for rehearing denied October 25, 1932.

*Stuart Mackenzie*, Attorney for Petitioner;

*Shipp, Evans & Kline*, Attorneys for Respondent.

DAVIS, Commissioner.—This cause is before us upon motion to quash a writ of certiorari heretofore issued out of this Court and directed to the Circuit Court of Dade County for the purpose of reviewing the judgment of

that court in affirming a judgment of the Civil Court of Record in and for said County.

The mover bases the motion upon the grounds that it affirmatively appears from the record that the writ was improvidently issued, that it appears from the application for the writ that the inferior court had not exceeded its jurisdiction, that the Circuit Court proceeded according to the essential requirements of law, that petitioner is seeking to make the writ serve the purpose of a writ of error, that petitioner seeks to have reviewed rulings made during the progress of the trial on questions of law and seeks to inject questions of law and fact not raised by the pleadings in the cause, and that it was not made to appear that the inferior court did not proceed according to the essential requirements of law.

The plaintiff sued on the common counts and two special counts, numbered six and seven respectively. In the sixth count it was alleged in substance that in consideration that the plaintiff would open an account with Kendall Quarry & Construction Company, and would honor its checks and would otherwise advance and pay money to or for it on its behalf, the plaintiff promised to be responsible for any balance which any time thereafter might be due the plaintiff by the said Kendall Quarry & Construction Company; that the plaintiff honored checks of said company and otherwise advanced and paid money to and for it; that there was a balance due the plaintiff and the same had not been paid.

The seventh count set up a contract of guaranty, and alleged that, relying upon the contract, the plaintiff had advanced large sums of money to the Kendall Quarry & Construction Company which had not been repaid and that the defendant (petitioner here) had breached its contract.

It seems that the Des Rocher & Watkins Towing Com-

pany had a contract to do certain work for the United States Government, and that they in turn contracted with the Kendall Quarry & Construction Company for the work to be done by the latter company. At the trial of the cause, the defendant offered in evidence the said two contracts, and also a statement of indebtedness made to the Des Rocher & Watkins Towing Company by the Kendall Quarry & Construction Company and propounded certain interrogatories relating to the same. The trial court sustained objections to the admission of the contracts and the said statement respectively, and also sustained objections to certain questions propounded to witnesses about matters ostensibly germane to such contracts, and it is upon such rulings and the affirmance of same by the circuit court that the petitioner bases its contention that the circuit court did not proceed according to the essential requirements of law.

The common-law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. J. T. & K. W. Ry. Co. vs. Boy, 34 Fla. 389, 16 So. 290; First Nat'l Bank of Gainesville vs. Gibbs, 78 Fla. 118, 82 So. 618; Brinson vs. Tharin, 99 Fla. 696, 127 So. 313.

The particular function of the writ when issued by this Court is to cause the entire record of the inferior court to which it is directed to be brought here by certified copy for inspection, in order for this court to determine from the face of the record whether the inferior court had exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law in cases where no direct appellate proceedings are provided by law. S. A. L. Ry. vs. Ray, 52 Fla. 634, 42 So. 714; State vs. L. O. P. & G. R. Co., 70 Fla. 564, 70 So. 550.

We have said here that "a review may include substantial errors of procedure that were calculated to ma-

terially injure the complaining party, though it does not ordinarily extend to a consideration of the probative force of conflicting testimony, where there is ample, competent, and legal evidence to sustain the judgment. But in cases originating in the civil courts of record and referred to in Section 3322, Revised General Statutes 1920, where the probative force of the evidence affects the jurisdiction of the court, or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the witness, or where the finding clearly indicates that the evidence was not duly considered, or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved in the findings, and material injury resulted to the petitioner therefrom, the court may, in the exercise of its sound discretion, consider such matters and take appropriate action thereon in order that the law and justice may prevail." American Ry. Express Co. vs. Weatherford, 84 Fla. 264, 93 So. 740. See Ulsch vs. Mountain City Mill Co., 103 Fla. 932, 138 So. 483. See also Haile vs. Bullock, 83 Fla. 538, 91 So. 683; Am. Ry. Ex. Co. vs. Weatherford, 86 Fla. 626, 98 So. 820; Brinson vs. Tharin, 99 Fla. 696, 127 So. 313. See Edwards case decided present term.

We have also held here that where there is an independent and unconditional promise by one to pay another's debt, made for a valuable consideration, which is subsequently paid or executed by the promisee, and is of direct pecuniary value to the promisor, the transaction is not within the statute (see 5779 C. G. L.'s Fla. 1927), and the promisor's liability is fixed by principal debtor's filure to pay at maturity. (Harvey vs. Bank of Carter Hill, 83 Fla. 55, 90 So. 699); that if one to strengthen the credit of a third person, agrees with a

merchant to be responsible for goods to be sold in the future by him to such third person, and the merchant accepts the agreement, and acts upon it by selling goods, the agreement is founded on a valid consideration, and that one consideration is sufficient for both the principal and collateral contract and there need not be any consideration than that moving between the guarantee and the principal obligor under the principal contract. Ferst vs. Blackwell, 39 Fla. 621, 22 So. 892. See also 28 C. J. 97.

In the seventh count of the declaration it is alleged that the defendant agreed to pay to plaintiff ''all moneys due or to become due to the Kendall Quarry & Construction Company for work done by the said company for the defendant under the contract.''

In actions against a guarantor upon a contract of guaranty, as in other civil actions, only such matters can be considered as are put in issue by the pleadings. 28 C. J. 1022; Brevard Co. Bldg. & L. Ass'n vs. Sumrall, 101 Fla. 1189, 133 So. 888; Harbeson Lbr. Co. vs. Anderson, 102 Fla. 731, 136 So. 557.

The defendant pleaded payment and that it was not indebted to the Kendall Quarry & Construction Company. There was no issue made on the making of the contract as alleged in the said seventh count. Without reviewing the evidence adduced in support of the issues made by the pleadings, it was ample, in our opinion, to sustain the judgment entered in favor of the plaintiff.

To uphold the writ and quash the judgment of the Circuit Court upon the ground that the Civil Court of Record rejected relevant testimony offered by the defendant, or upon the ground that it refused to permit the questions propounded by the defendant to be answered, we must conclude that the Circuit Court, in the exercise

of its appellate jurisdiction, did not proceed according to the essential requirements of the law with a resulting substantial injury to the petitioner.

In Haile vs. Bullock, 83 Fla. 538, 91 So. 683, the Court said: "the bill (of exceptions) will be examined only for the purpose of ascertaining whether there was any evidence to support the finding or whether anything occurred at the trial to show a lack of jurisdiction or the non-observance of any essential requirements of the law in the exercise of jurisdiction."

In Benton vs. State, 74 Fla. 30, 76 So. 341, which was here upon certiorari, the court said:

"It is sought by this proceeding to have this court review the evidence taken before the county judge and determine its sufficiency to support the verdict, and in doing that to first *determine whether certain evidence offered by the state and admitted over the defendant's objection was admissible*, and if we find that it was not, then to quash the proceedings before the circuit court, which affirmed the judgment of the county judge, as being illegal. To do this would be to confound the supervisory power of this court with its appellate jurisdiction. * * * in this proceeding this court has no power to inquire into the alleged error committed in admitting certain evidence—that is to say, no power to question the correctness of the judgment on its merits." (Italics supplied).

In this case the court also used the following language:

"If this court undertakes to review upon certiorari the judgment of the circuit court acting as an appellate court on questions of law arising upon the record as to the sufficiency, for instance, of a declaration, plea, demurrer, motion to strike or amend or on questions presented in the bill of exceptions, assuming that there is any provision for a bill of exceptions in an appeal from the county judge's court to the circuit court, a point not decided here, as, for instance, the admissibility of evidence offered, the sufficiency of evidence to support the verdict, and in fact all ques-

tions that could be presented upon a writ of error, the constitutional clause giving the circuit courts final appellate jurisdiction in all civil and criminal cases arising before the county judge would be meaningless.''

In Hamway vs. Seaboard Air Line Ry. Co., 101 Fla. 1483, 136 So. 628, the court in referring to the case of Ragland vs. State, 55 Fla. 157, 46 So. 724, said: ''the distinction between an 'illegal' and 'erroneous' action of the trial or appellate court is clearly made. 'Certiorari' said the court, 'extends only to illegal proceedings that appear of record.' ''

Some confusion may have arisen over late decisions of this court as to the power of the court to review on certiorari judgments of circuit courts in cases appealed from a Civil Court of Record involving questions presented by bills of exceptions similar to those raised in this case.

In American Express Company vs. Weatherford, 84 Fla. 264, 93 So. 740, the court said:

''The statute makes a bill of exceptions that is duly prepared, authenticated, and filed a part of the record in a cause; and on certiorari the entire record *including that of any matters duly presented by the bill of exceptions may be reviewed,* if they show want of jurisdiction or illegality in the proceedings affecting the judgment complained of, or if they show the court below did not proceed in the cause according to the essential requirements of the law with a resulting substantial injury to the petitioner in certiorari.'' (Italics supplied).

In Vanderpool vs. Spruell, 104 Fla. 347, 139 So. 892, we held that the giving of an abstract and misleading charge is not fundamentally bad and of such character as would warrant us in setting aside upon certiorari a judgment of affirmance, solely because it was given. It is indicated, however, that a charge could be so bad

that this court would quash a judgment "as not being one according to the essential requirements of law."

The matters which we have referred to and sought to be brought to our attention by the petitioner in this case, were presented to the Circuit Court upon writ of error. If we should quash the judgment of the Circuit Court because of the rejection of evidence offered in the trial court or because the Civil Court of Record made erroneous rulings on objections to questions propounded, witnesses, we "would confound the supervisory power of this court with its appellate jurisdiction." It was never intended for this court to correct on certiorari merely erroneous rulings of a Civil Court of Record on the law and the evidence. 11 C. J. 105. We fully realize that courts having final appellate jurisdiction sometimes err. That fact, however, does not justify us in assuming appellate jurisdiction that is vested in another court by the organic law.

It is also contended here that the trial court, at the request of the plaintiff, gave an erroneous instruction to the jury. This, too, is a question that could be reviewed only by an appellate court upon writ of error.

The respondent's motion to quash the writ of certiorari should be and is hereby granted.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the respondent's motion to quash the writ of certiorari be and the same is hereby granted.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.