MIAMI POULTRY & EGG COMPANY v. THE CITY ICE & FUEL COMPANY, an Ohio Corporation.

172 So. 82.
Division B.
Opinion Filed October 9, 1936.
Rehearing Denied December 22, 1936.

564

*Herbert U. Feibelman, Louis M. Jepeway* and *William K. Whitfield* (of Tallahassee), for Petitioner;

*J. M. McCaskill,* for Respondent.

PER CURIAM.—The declaration herein filed in the Civil Court of Record for Dade County, was bottomed on the theory that in April, May, and June, 1932, the petitioner as bailor delivered to the respondent as bailee, 1025 cases of fresh eggs to be placed in cold storage and withdrawn by petitioner as required by the trade, that they were in fact withdrawn in August, September, October, November, and December, 1932, and 725 cases were damaged and found to be completely worthless because of negligent storage.

The declaration was in six counts, a demurrer to which was overruled and the case was tried on the issue made by two pleas: Viz. (1) General issue, and (2) The eggs were not fresh eggs. No testimony was offered in support of the latter plea. The trial resulted in a verdict and judgment for the plaintiff which was reversed on writ of error to the Circuit Court.

Certiorari was granted by this Court.

This Court will not quash the appellate judgment of a Circuit Court unless it appears from the record that the Circuit Court in the exercise of its appellate authority has exceeded its jurisdiction, or that it did not proceed according to the essential requirements of the law, or that it violated established principles of law, or that the judgment of the Circuit Court reversing the inferior court of record is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioner, or that the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law which have resulted in prejudice and material harm to the petitioner. Bringley v. C. I. T. Corp., 119 Fla. 529, 160 So. 680.

In the last cited cause we further held that a judgment of the Circuit Court reversing a judgment of the trial court and remanding the cause for further proceedings was not such a final judgment as would support certiorari unless the judgment reversing the inferior court is a palpable miscarriage of justice, or the result of reversal is a substantial injury to the legal rights of the petitioner.

The judgment which petitioner seeks to have reviewed in this proceeding is not a final judgment but not to quash it under the facts shown would result in substantial injury to the petitioner. For that reason it is well within the exception here noted and approved in Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 So. 483, 140 So. 218, and reaffirmed in Bringley v. C. I. T. Corp., *supra.*

The Circuit Court predicated his order of reversal on the refusal of the trial court to sustain the demurrer to counts four and five of the declaration and the giving of charges six and seven requested by petitioner who was plaintiff in the trial court.

Even if counts four and five of the declaration were bad,

which we do not decide, there were other counts that stated a cause of action and were supported by the proof, so on that point if error was committed it was harmless, there being no showing whatever that the alleged bad counts caused confusion or in any way influenced the verdict on the good counts. McNeil v. Webe King, 66 Fla. 407, 63 Sou. 728.

Likewise we find no error in the giving of charges six and seven as requested by plaintiff. The general charge of the court may be summarized as follows: The burden is on the plaintiff to prove that the eggs were damaged in storage and that such damage was caused by the negligence of the defendant. Damage may be proven by specific acts of negligence or it may be shown by proving that the eggs were delivered to the defendant for cold storage fresh and in good condition, that they were returned to the plaintiff in a spoiled or damaged condition, and that such latter condition was in no sense produced by latent or inherent defects in the eggs. Proof of this character makes out a *prima facie* case warranting recovery unless the defendant submits proof showing that the damaged condition of the eggs was caused by no fault of his or by agencies over which he had no control and that he exercised such reasonable care as a careful and prudent owner would have exercised to forestall the damage. Proof of such character would overthrow the plaintiff's *prima facie* case.

Charges three, six, and seven given by request of the plaintiff, six and seven being the charges on which reversal was predicated, adding nothing whatever to the general charge. They did nothing more than restate the general charge in different terms and could have no effect other than to pyramid one charge on another and add to the general charge. We do not approve such practise but if it

constituted error it was harmless. Often the pyramiding of charges tends to confuse the issue but that was not the case here because the issue was clear and every charge reached the same conclusion.

To recover plaintiff relied on negligent storing of the eggs in that they were subjected to different degrees of temperature and that while in storage they were permitted to come in contact with other fruits and vegetables stored in the same or adjacent rooms causing them to be contaminated with malodors which they absorbed and which destroyed their sale value.

While the evidence is not before us in a proceeding of this kind, it is sufficient to say that while it is conflicting the verdict and judgment returned were a reasonable deduction from it, to permit the judgment to be reversed for the reasons adduced would result in substantial injury to the legal rights of the petitioner, the trial being in other respects regular. The charge of the court was in accord with the controlling law on the subject. John Nix & Co. v. Herbert, 149 Va. 131, 140 S. E. 121, 55 A. L. R. 1098; Purse v. Detroit Harbor Terminals, Inc., 266 Mich. 92, 253 N. W. 228; Perry Bros. v. Diamond Ice & Storage Co., 92 Wash. 105, 158 Pac. 1008; Churchill v. Walling, 205 Ala. 509, 88 So. 582; Lederer v. Railway Terminal & Warehouse Co., 346 Ill. 140, 178 N. E. 394, 77 A. L. R. 1497; Holt Ice & Cold Storage Co. v. Arthur Jordan Co., 25 Ind. App. 314, 57 N. E. 575.

The judgment of the Circuit Court reversing the judgment of the Civil Court of Record is accordingly quashed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.