AUGUSTUS C. ALRED v. DR. GUSTAVO PORRO

3 So. (2nd) 123
En Banc
Opinion Filed June 17, 1941

*Raleigh T. Barber, D. Frederick McMullen,* for Plaintiff in Error.

*W. C. Brooker,* for Defendant in Error.

TERRELL, J.—This is a motion by defendant in error to dismiss the writ of error for grounds predicated on certain features of Rule 11 of this Court adopted January 13, 1941.

Rule 11 was designed to limit the contents of transcripts of record to such proceedings in the trial that are essential to answer the questions brought to this Court for determination and no more. It does not abolish writs of error and substitute appeals as to the sole method of bringing a case to this court nor does it in any manner affect the trial of the cause. It affects only the preparation of the transcript of record.

To effectuate this purpose, its first requirement is a "notice of appeal" exactly as has been done in the past. If the case is one at law, the notice would be for issuance of writ of error. With the notice of appeal or within the appropriate time should be filed

a concise statement of the questions brought to this Court for adjudication. This statement of questions takes the place of the assignments of error heretofore required. The third requirement, "a statement of such of the record in the trial court as is essential to adjudicate the questions proposed" takes the place of the directions to the Clerk for making up the transcript of record heretofore required.

The third or last requirement is a material departure from the old practice in that it makes the questions brought up the basis for that part of the record brought to this Court. Heretofore it has been a practice to include in the directions to the Clerk for making up the record a copy of the progress docket from one end to the other. It often happens that much of it is not needed to answer the questions brought up and when this is the case, it is a waste of the litigant's money to bring it and a waste of the court's time to examine it.

Some confusion has arisen as to what "a statement of such of the record in the trial court as is essential to adjudicate the questions proposed" should contain. It will of course require some dissection of the record to determine what parts are essential to answer the questions brought up, and in a few cases, it may be difficult but in most of them it will not. In the typical chancery case that goes to final decree and the ultimate questions brought up is the sufficiency of the bill of complaint to state a cause of action, the statement should ordinarily contain nothing but the "bill of complaint", the "motion to dismiss" the "order on the motion to dismiss" and the final decree." We would have no use whatever for any portion of the master's report, findings, or other proceedings relat-

ing to it though they are frequently brought up in cases as simple as this because we have so long followed the practice of bringing up everything in the progress docket.

Rule 11 does away with the old formality of preparing and settling a bill of exceptions. This being the case, it supersedes common law rules 88, 89, 91, 92, 93, 94, and 95. It also modifies or supersedes Sections 4633, 4610, 4625, and other statutes relating to assignments of error and bills of exceptions. Chapter 13870, Acts of 1929, authorizes this Court to make rules affecting its procedure that may modify or repeal acts of the legislature on that point.

The foregoing would seem to answer every question raised by the motion to dismiss the writ of error except that of whether or not it was necessary for the plaintiff in error to make and reserve an exception to the order of the trial court overruling the motion for new trial.

Some of the old decisions answer this question in the affirmative but Common Law rule 74 as amended September 18, 1936, relieves the necessity for such exceptions and that is the law at the present.

The motion to dismiss the writ of error is denied.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.