**ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, v. E. F. GAMBLE.**

21 So. (2nd) 348                                              January Term, 1945
March 9, 1945                                                            En Banc

*Howell, McCarthy, Lane & Howell,* for petitioner.
*Evan Evans,* for respondent.

SEBRING, J.:

E. F. Gamble brought suit in the civil court of Duval County against Atlantic Coast Line Railroad Company for damages for injuries alleged to have been sustained as a result of the negligent failure of the railroad company to maintain the aisleway of a passenger coach which he was entering, in a reasonably safe condition. Pleas were filed by defendant, and the parties went to trial. At the close of the

plaintiff's case in chief the trial court granted a motion for directed verdict for the defendant on grounds urged by the defendant (1) that the plaintiff's proof failed to show any negligent act of commission or omission committed by defendant or its employees at the time and place alleged in the declaration; (2) That the evidence showed that plaintiff was guilty of contributory negligence which proximately contributed to the injury and damage complained of. Motion for new trial was filed by plaintiff. At the hearing the motion was denied, judgment was entered for the defendant, and the plaintiff was allowed sixty days within which to prepare and present his bill of exceptions.

Within the time reqired by law the plaintiff entered his appeal in the Circuit Court of Duval County assigning as error the granting of the motion for directed verdict and the denial of the motion for new trial. When the appeal came on to be heard in the circuit court the railroad company filed a motion to strike the assignments of error on the ground that they were not supported by a bill of exceptions incorporating matters in pais. The circuit court denied the motion to strike, considered the testimony taken at the trial as disclosed by transcribed stenographic notes of the same appearing in the transcript of record, and entered its judgment reversing the cause for a new trial.

Atlantic Coast Line Railroad Company comes here on petition for certiorari seeking to review the order of reversal entered by the Circuit Court of Duval County. It is urged in the petition for certiorari that the circuit court departed from the essential reqirements of law, in two particulars, namely: (1) The circuit judge considered and weighed the evidence although it was not exhibited to him by a bill of exceptions; (2) The circuit judge held that the evidence would support a verdict for the plaintiff below, when, as a matter of fact, it is insufficient as a matter of law to do so.

The Circuit Court of Duval county derives its jurisdiction to hear appeals from the Civil Court of Record of Duval County by virtue of Chapter 8521, Acts of 1921, under which the latter court was established. By Section 11 of the Act it is provided that "The Circuit Courts shall have appellate

jurisdiction in all cases decided by the Civil Courts of Record *in the same manner and with the same limitations as now or hereafter prescribed* as to appellate jurisdiction of cases in the County Court." The appellate provisions respecting "cases in the County Court" are to be found in Chapter 61, Florida Statutes 1941. Section 61.02 Florida Statutes 1941 prescribes: "If there be matters in pais which require a bill of exceptions, such bill of exceptions shall be prepared, presented and filed with the judge of the court within sixty days after the adjournment of the court in the same manner and subject to the same rules and regulations in regard to settling and signing the same as *prevail in circuit courts.*"

There is now no controlling rule or regulation which *prevails* in the circuit courts of the State with reference to settling bills of exceptions, as such; bills of exceptions in appeals from circuit courts having been abolished. Alred v. Porro, 147 Fla. 518, 3 So. (2nd) 123. But there does prevail in the circuit courts a rule with reference to preserving matters in pais for review in appellate proceedings, which serves the identical purpose with much less confusion. Supreme Court Rule 11, promulgated under authority of Chapter 13870, Acts of 1929, dispenses with bills of exceptions and the formal authentication thereof by the trail judge in appeals from circuit courts and substitutes in lieu thereof a much simpler and more expeditious procedure which allows a transcribed copy of any stenographically reported proceeding in a trial court to be considered in the Supreme Court when certified to by a court reporter and physically incorporated in the transcript. Rule 11 (3). We are of the opinion that this rule is controlling in regard to appeals taken from the Civil Court of Record of Duval County to the circuit court, under existing law.

The Legislature has prescribed in Section 11 of Chapter 8521, Acts of 1921, that appeals from the Civil Court of Record of Duval County to the circuit court shall be guided by the law of appeals which controls county court appeals to the circuit court. In legal effect the Legislature has made such latter law part and parcel of Chapter 8521, supra. In Chapter 61 Florida Statutes 1941, which is the controlling

law concerning court appeals, the Legislature has prescribed in effect that the rules and regulations in regard to preserving matters in pais arising in county court cases shall be the same *"as prevail* in circuit courts."

The word "prevail" means "to be or become effective, or effectual; to be in force; to obtain," Webster's New International Dictionary, 1933; "to be in general use or practice; to be commonly accepted or adopted; to exist." The Oxford English Dictionary, 1933. By the choice of words used the Legislature has manifested the clear intent that the method, mode or course of procedure for formally preserving matters in pais arising during the course of proceedings in the civil court of record for the purpose of review in the circuit court shall comport at all times to such procedure as governs county court appeals, and that the procedure controlling the latter shall be at all times precisely the same as is then in force, or as exists, or is in general use and practice, with reference to cases originating in the circuit courts and taken up on appeal.

We hold, therefore, that when the general method of procedure outlined and prescribed by Supreme Court Rule 11 for making up the record in the circuit courts is adhered to and followed by an appellant in taking his appeal from the Civil Court of Record of Duval County to the Circuit Court of Duval County, there has been a compliance with the provisions of Section 11 Chapter 8521, Acts of 1929 and Section 61.02 Florida Statutes, 1941, so far as concerns the preparation, presentation and preservation of matters in pais for consideration by such circuit court sitting as an appellate court in review.

The record before us in this certiorari proceedings contains a complete transcript of the record taken from the Civil Court of Record of Duval County to the Circuit Court. In that transcript there appears a "certificate of transmission" made by the Honorable Burton Barrs, as judge of the Civil Court of Record of Duval County, that all papers recorded and filed in the civil court of record in the cause appealed from were included in the appellate record transmitted to the Circuit Court of Duval County. In that transcript of record

also appears the transcribed notes of the testimony taken at the trial by one V. F. Halter, as court reporter, and certified to by him as being "a true and correct transcription of my shorthand report of the proceedings of said cause." It is not contended by the petitioner here that the record that was before the circuit judge was not in fact correct, or that there were any material omissions therefrom. Had such been the case the record could have been made to conform to truth, under Supreme Court Rule 11 (8-12), which we hold to be applicable. In our view, therefore, the circuit judge did not depart from the essential requirements of law in considering the testimony appearing in the transcript of record before him, and in denying the motion to strike the assignments of error.

The second ground for certiorari is that the circuit judge held that the evidence would support a verdict for the plaintiff below when, as a matter of fact, it is insufficient as a matter of law to do so.

As appears from petition for certiorari before us, the judgment of the circuit court on appeal reversed the judgment of the trial court and sent the case back for a new trial. It is well established in this jurisdiction that a judgment of the circuit court reversing a judgment of an inferior court and remanding the cause for new trial is not such a final judgment as will support certiorari. Miami Poultry & Egg Co. v. City Ice & Fuel Co., 126 Fla. 563, 172 So. 82. There are certain exceptions to this general rule, but the case made by the petition does not appear to come within any of such exceptions. See Ulsch v. Mountain City Mills Co., 103 Fla. 932, 138 So. 483; 140 So. 218.

The petition for certiorari is denied.

CHAPMAN, C. J., TERRELL, BROWN, and ADAMS, JJ., concur.

BUFORD and THOMAS agree to conclusion.

THOMAS, J., agreeing to conclusion:

I agree with only the conclusion that the petition for certiorari be denied. I take this position because, as stated in the last paragraph the judgment is not final and is not there-

fore reviewable. The opinion at once holds the petition not entertainable and entertains it. Thus, in my view, all discussion of the merits, that is, the failure or not to follow the essential requirements of law, becomes obiter dicta.

BUFORD, J., concurs.