OTIS G. NATION v. STATE OF FLORIDA

22 So. (2nd) 219                                    January Term, 1945
May 18, 1945                                              Division B
Rehearing denied June 7, 1945

*H. E. Oxford* and *Bradford G. Williams,* for petitioner.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for respondent.

SEBRING, J.:

Otis G. Nation was tried and convicted in the Criminal Court of Record of Orange County on a charge of doing the business of an emigrant agent in the State of Florida without having first obtained a license therefor, contrary to Chapter 22068, Laws of Florda, 1943. He appealed to the Circuit Court of Orange County from the judgment rendered. The Circuit Court of Orange County affirmed the judgment. Nation then applied to this Court for a writ of certiorari to review the proceedings below and writ of certiorari was granted. The record of the procedings in the trial court is now before us for consideration.

The common law writ of certiorari issues, not to serve the purpose of an appeal, or to give an aggrieved party a second appeal, but to cause the record of an inferior court to be brought up in order that a superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction or has not proceeded in accordance with the essential requirements of law. Des Rocher & Watkins Towing Co. v. Third National Bank, 106 Fla. 466, 143 So. 768; Farnham v. Caldwell, 141 Fla. 416, 193 So. 286. The writ being thus limited in function, the subject matter of a suit that has been tried in a court of competent jurisdiction and thereafter reviewed in an appropriate appellate tribunal will not be reinvestigated, tried and determined upon the merits generally when brought here by certiorari. Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672.

All of the matters raised by petitioner and brought here by the record were duly presented to the circuit court on appeal. There was ample competent and legal evidence to support the judgment of the trial court and to sustain the judgment of affirmance rendered by the circuit court on appeal. It does not appear from the face of the record that the trial court has exceeded its jurisdiction or has not pro-

ceeded in accordance with the essential requirements of law. The common law writ of certiorari heretofore issued by this Court must therefore be quashed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.

BROWN, J., concurring:

The scope of review under common law certiorari, and the meaning of the phrase "has not proceeded in accordance with the essential requirements of the law," are dealt with in Miami Poultry & Egg Co. v. City Ice & Fuel Co., 126 Fla. 563, 172 So. 82; Robinson v. City of Miami, 138 Fla. 697, 190 So. 35, and Wolkowsky v. Goodkind, 153 Fla. 267, 14 So. (2nd) 398.