STURGIS, Chief Judge.
Wade Hampton Townsend was tried and convicted in the County Judge’s Court of Alachua County on a charge of unlawful sale of intoxicating liquors. On appeal to the Circuit Court of Alachua County the judgment was affirmed. He then petitioned this court for writ of certiorari to review the proceedings below on the sole ground that the trial court inter alia charged the jury as follows, thus depriving him of due process of law:
“You have been sworn to uphold the law, and it is your duty to do so. The State Beverage Department employees are likewise sworn to uphold the law, and it is their duty to enforce the beverage laws wherever they are being violated. Their duty is to determine if the beverage laws are being violated and to file charges in all cases where the evidence warrants such.”
F.S. § 918.10(4), F.S.A., provides that no party may assign as error or grounds on appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. The record does not disclose that objection was made to the charge *713 at any time during the course of the trial, and under such circumstances it is too late on petition for writ of certiorari or on appeal, assuming we had jurisdiction, to assign as error the giving or failure to give an instruction to the jury. Fabre v. State, 158 Fla. 853, 30 So.2d 367.
Petitioner cites F.S. § 924.32, F.S.A., which provides inter alia that the appellate court shall “review all instructions to which an objection was made and which are alleged as a ground of appeal,” and that “the court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appears in the appeal papers including instructions to the jury,” which statute is tracked by Fla.App. Rule 6.16; and petitioner ingeniously insists that notwithstanding his failure to object, these provisions of law placed on the circuit court the duty to take cognizance of the charge under attack, and that it would have necessarily followed that the trial court he reversed on the premise that the charge is the equivalent of a denial of due process of law. It will be noted that the quoted provisions of F.S. § 924.32, F.S.A., and Fla.App. Rule 6.16 are in direct conflict with F.S. § 918.10(4), F.S.A., supra.
Petitioner’s contention is not sound. The order of affirmance does not indicate that the circuit court ignored the statute or the rule, and in this court the presumption is conclusive that both were considered. Moreover, the charge under attack, when considered in the light of all the charges, did not constitute harmful error.
Giving effect to and reconciling the plain language of F.S. § 918.10(4), F.S.A., with the quoted portion of F.S. § 924.32, F.S.A., and the related portion of Fla.App. Rule 6.16 we hold that the circuit courts when sitting as courts of appeal have unassailable discretion to review or not to review charges to the jury as to which no objection was interposed at the trial.
The constitution of 1885, as amended (art. V, Sec. 6, F.S.A.), vests circuit courts with final appellate jurisdiction of all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. It is reaffirmed by F.S. § 924.08, F.S.A. Our supreme court has repeatedly held that the final appellate jurisdiction of the circuit courts may not be circumvented or frittered away by the device of appeal or certiorari. Pleger v. State, Fla., 68 So.2d 371; Lopez v. State, Fla., 66 So.2d 807.
An error that warrants quashing a judgment on certiorari must be so flagrant as to constitute a departure from the essential requirements of the law with respect to procedural steps necessary to be taken or followed in order to administer justice according to controlling and indispensable rules of law. Morris v. State, 110 Fla. 95, 148 So. 182; Des Rocher & Watkins Towing Co. v. Third Nat. Bank of Miami, Fla., 106 Fla. 466, 143 So. 768; Vanderpool v. Spruell, 104 Fla. 347, 139 So. 892. Certiorari cannot be made to serve the purpose of ordinary appellate proceedings. Nation v. State, 155 Fla. 858, 22 So.2d 219; Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398; Robinson v. City of Miami, 138 Fla. 696, 190 So. 35; Miami Poultry & Egg Co. v. City Ice & Fuel Co., 126 Fla. 563, 172 So. 82; Edwards v. Knight, 100 Fla. 1704, 132 So. 459; Brinson v. Tharin, 99 Fla. 696, 127 So. 313.
For the reasons stated the petition for writ of certiorari should be and it is denied.
WIGGINTON, J., and THORNAL, A. J., concur.