442 So.2d 396 (1983)
GIFFEN ROOFING COMPANY, INC., and Giffen Industries of Orlando, Inc., Appellants,
v.
DHS DEVELOPERS, INC., and Tuttle/White Constructors, Inc., et al., Appellees.
No. 83-152.
District Court of Appeal of Florida, Fifth District.
December 15, 1983.
Ronnie H. Walker, of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellants.
Manuel Socias, of Dempsey & Slaughter, P.A., Orlando, for appellees.
ORFINGER, Chief Judge.
The narrow issue before us on this appeal is whether a liability insurance company breaches its duty to defend its insured when it provides the defense under a reservation of rights. The trial court entered judgment on the pleadings in favor of the insurer and we affirm.
Giffen Roofing Company, Inc. was a subcontractor on a construction project and was joined as a defendant in a suit by the owner against the prime contractor claiming damages because of alleged construction defects. Several insurers were joined who allegedly insured Giffen, including appellees Fidelity and Casualty Company of New York and Continental Insurance Company. A third insurer settled the claim against Giffen and Giffen cross-claims against Fidelity and Continental for attorney's fees expended because Giffen hired independent counsel. The cross-claim alleged, in pertinent part:
14. In disregard of the obligations imposed upon them under the terms of the insurance contracts, the insurance companies named herein failed and refused to supply a complete defense of the law suit brought against GIFFEN and have chosen instead to defend under reservations of rights seeking to deny coverage to their insured, GIFFEN.
15. GIFFEN has been damaged by the herein named insurance companies failures and refusals to provide a complete defense against the law suit.
16. The defendant insurance companies breach and failure to provide a complete defense to GIFFEN, as aforementioned, necessitated GIFFEN to employ the services of an attorney to defend said suit, agreed to pay him a reasonable attorneys fee, and to incur Court costs in said suit.
Giffen contends that the insurers were obligated to either: 1) provide it with a "complete" defense (which Giffen says is an "unqualified" defense); or 2) pay the attorney fees for the attorney hired by Giffen.
Giffen's claim must be reviewed the light of the pleadings which frame the issues. Des Rocher and Watkins Towing Company v. Third National Bank of Miami, 106 Fla. 466, 143 So. 768 (1932). The pleadings here allege that appellees provided a defense under a reservation of rights. There is no allegation that appellees refused to provide a defense, or that notice of the reservation was given in an untimely fashion so as to result in prejudice to the insured. It is well settled that an insurer *397 may provide a defense to its insured while reserving the right to later challenge coverage, if timely notice of such reservation is given to the insured. Centennial Insurance Company v. Tom Gustafson Industries, Inc., 401 So.2d 1143 (Fla. 4th DCA 1981); Midland Insurance Company v. Watson, 188 So.2d 403 (Fla.3d DCA 1966).
Neither is there an allegation that Giffen rejected the proffered defense and set about defending the action with its own counsel. Thus Taylor v. Safeco Insurance Company, 361 So.2d 743 (Fla. 1st DCA 1978) and Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975) relied on by Giffen are inapposite. The cross-claim fails to allege any breach of duty by appellees, and the court was correct in entering a judgment on the pleadings, which judgment is
AFFIRMED.
COWART, J., and WATSON, Associate Judge, concur.