# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-3678

———————————————

ADAM KILLICK,

    Appellant,

    v.

CHARLES BENEDICT,

    Appellee.

———————————————

On appeal from the County Court for Leon County.
Augustus D. Aikens, Jr., Judge.

February 7, 2024

PER CURIAM.

Appellant, Adam Killick, appeals the trial court's order granting Appellees' motion for summary disposition under Florida Small Claims Rule 7.135. On appeal, Killick asserts, among other things, that the trial court overlooked the triable issues "embedded"—but not written—in his statement of claim. We affirm and write to clarify issue waiver in small claims court.

We note that the Florida Small Claims Rules differ from the Florida Rules of Civil Procedure. The small claims rules were implemented to enable "simple, speedy, and inexpensive trial of actions at law in county courts." Fl. Sm. Cl. R. 7.010(a). To commence an action in small claims court, a statement of claim is filed which "inform[s] the defendant of the basis and the amount

of the claim." Fl. Sm. Cl. R. 7.050(a)(1).  No answer or written pretrial motions are necessary.  Fla. Sm. Cl. R. 7.090(c).  And the court may enter summary disposition at the pretrial conference or at any subsequent hearing, if there is "no triable issue."  Fl. Sm. Cl. R. 7.135.

By contrast, the Florida Rules of Civil Procedure require a complaint and an answer.  Fla. R. Civ. P. 1.100(a).  The complaint must state a cause of action and include a statement of jurisdiction, statement of the facts, and demand for relief.  Fla. R. Civ. P. 1.110(b).  And the court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fla. R. Civ. P. 1.510(a). The summary judgment standard provided under the Florida Rules of Civil Procedure must be applied by the trial court in accordance with the federal summary judgment standard.  *Id.*

But both the rules governing small claims and the rules governing ordinary civil claims require that a pleading be filed to commence an action.  Pleadings aim to put the court and the opposing party on notice of the issues to be tried.  *See Coca-Cola Bottling Co. v. Clark*, 299 So. 2d 78, 82 (Fla. 1st DCA 1974); *see also* 40 Fla. Jur. 2d *Pleadings* § 1 (2023) ("Pleadings are intended, in part, to disclose each party's respective position on the legal issue involved in a lawsuit."). Only matters put in issue by the pleadings may be considered in a civil action.  *Des Rocher & Watkins Towing Co. v. Third Nat. Bank*, 143 So. 768, 770 (Fla. 1932).  Despite the flexibility of the small claims rules, the pleading that commences an action is the root from which the claim grows.  Therefore, the trial court need not entertain plaintiff's new claims, raised for the first time in response to a summary disposition.

The Court denies all pending motions.

AFFIRMED.

ROBERTS, ROWE, and LONG, JJ., concur.

2

————————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————————

Adam Killick, pro se, Appellant.

Scott Cole and Francesca M. Stein of Cole, Scott & Kissane, P.A., Miami, for Appellee.